# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL COMPLAINT

Jeffrey Peter Datto, Ph.D.
_____,

_____,

*(Write the full name of each Plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

The University of Florida
_____,

Board of Trustees, John
_____,

Does 1-5

_____,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*
_____/

Case No.: 1-20-cv-40-AW/GRJ
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☒ YES   ☐ NO

FILED USDC FLND GV
FEB 18 '20 AM 11:29  KM

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff(s)

1. Plaintiff's Name: Jeffrey Peter Datto, Ph.D.

   Address: 3352 w 98th pl

   City, State, and Zip Code: Hialeah, FL 33018

   Telephone: 786-593-1271 *(Home)* 786-593-1271 *(Cell)*

2. Plaintiff's Name: _____

   Address: _____

   City, State, and Zip Code: _____

   Telephone: _____ *(Home)* _____ *(Cell)*

   *(Provide this information for any additional Plaintiffs in this case by attaching an additional page as needed.)*

B. Defendant(s)

1. Defendant's Name: The University of Florida Board of Trustees

   Name of Employer *(if relevant)*: _____

   Address: 123 Tigert Hall

   City, State, and Zip Code: Gainesville, Florida 32611

2. Defendant's Name: John Does 1-5

   Name of Employer *(if relevant)*: University of Florida

   Address: 123 Tigert Hall

   City, State, and Zip Code: Gainesville, Florida 32611

3. Defendant's Name: _____

   Name of Employer *(if relevant)*: _____

   Address: _____

   City, State, and Zip Code: _____

*(Provide this information for any additional Defendants in this case by attaching additional pages as needed.)*

## II. BASIS FOR JURISDICTION

Federal courts have limited jurisdiction. Generally, only two types of cases may be heard in federal court: (1) a case involving a federal question or (2) case involving diversity of citizenship of the parties. A "federal question" case arises under the United States Constitution or federal laws or treaties. 28 U.S.C. § 1331. A "diversity" case means a citizen of one State sues a citizen of another State or nation. No defendant may be a citizen of the same State as any Plaintiff in a diversity case, and the amount in controversy must be more

than $75,000. 28 U.S.C. § 1332.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal Question      ☐ Diversity of Citizenship

Fill out the paragraphs in this section that apply to this case.

A. If the Basis for Jurisdiction Is a Federal Question:

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case: _____

Title II and Title V of the Americans with Disabilities Act ("ADA")

42 U.S. Code § 12101, et seq.

B. If the Basis for Jurisdiction is Diversity of Citizenship:

1. Plaintiff(s)

    a. Plaintiff is an individual and a citizen of: _____

    b. If any Plaintiff is a business or corporation, list the State where the business is incorporated _____ or has its principal place of business: _____

*(Note: Businesses/Corporations must be represented by counsel.*

*Attach additional page to provide this information for additional Plaintiffs.)*

2. Defendant(s)

    a. If the Defendant is an individual, identify their citizenship below.

        1. Defendant *(name)* _____

            is a citizen of *(State)* _____

        2. Defendant *(name)* _____

            is a citizen of *(State)* _____

        3. Defendant *(name)* _____

            is a citizen of *(State)* _____

    b. If the Defendant is a corporation or business, list the state of incorporation or principal place of business below.

        1. Defendant *(name)* _____

            State of Incorporation is _____

            or Principal Place of Business is _____

        2. Defendant *(name)* _____

            State of Incorporation is _____

            or Principal Place of Business is _____

            *(Attach additional page if necessary to list all Defendants.)*

    3. Have you previously been involved in litigation with one or more

of the named Defendants?

☒ Yes   ☐ No

If yes, identify prior case #: __18-21053__   Date: __03/20/2018__

Court: __U.S. District Court of the Southern District of Florida__

Defendant: __University of Florida, John Does 1-5__

Judge: __The Honorable Darrin P. Gayles__

Result: __Dismissed without Prejudice__

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do; identify how each Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

I. Violation of Title V of the ADA.
   1. Plaintiff was a former MD PhD student on full scholarship at Thomas Jefferson University ("TJU"), a sister Association of American Medical Colleges ("AAMC") medical school of University of Florida ("UF") who was dismissed 3 days prior to due to complications of excessive medication to treat Bipolar Disorder.

2. Plaintiff engaged in lengthy litigation pro se against TJU, claiming violation of the ADA that resulted in a substantial settlement.

3. Plaintiff during this time period sought transfer into UF as a MD PhD student.

4. He was granted an interview and was told by Dr. Steve Hsu, M.D. Ph.D. director at UF, that the interview was a mere formality.

## IV. RELIEF REQUESTED

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages. Plaintiff asks for damages at the maximal amount allowed by by the ADA for the delay this has caused in his ability to be a physician scientist, mental anguish, loss of dignity, application costs, and punitive damages to send a message that such retaliation/discrimination should not be condoned. Plaintiff also asks for injunctive relief to be allowed an opportunity based on merit to attend UF's medical school either as a first year or transfer student.

## V. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending,

modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 2/11/20   Plaintiff's Signature: _____

Printed Name of Plaintiff: Jeffrey P. Datto, Ph.D.

Address: 3352 w 98th pl
Hialeah, FL 33018

E-Mail Address: jpdatto@gmail.com

Telephone Number: 786-593-1271

*(Additional signature pages must be attached if there is more than one Plaintiff.)*

5. Dr. Hsu related to Plaintiff's struggles because he too had the diagnosis of Bipolar Disorder, and it disrupted his employment as a clinician as well.

6. During the interviews, Plaintiff decided to disclose his litigation against TJU.

7. Dr. Hsu then told Plaintiff that he was being denied because the Dean of the medical school said to Dr. Hsu that those the Dean reports to, The Board of Trustees, will never approve this transfer because Plaintiff sued TJU.

8. Thereafter, Plaintiff became employed at the University of Miami, he retook the MCATs and scored a 32, and applied again to several medical schools, this time to enter as a first year medical student including applying to UF two years in a row and was denied again twice without an interview on 2/19/16 and 3/3/17.

9. Plaintiff was never given a reason why his application as a first year student was denied, but it is most likely for the same reason provided to him why his transfer application was denied because he sued TJU and the Board of Trustees will never approve of his application.

## II. Violation of Title II of the ADA

10. University of Florida Board of Trustees is a public instrumentality of the State of Florida with the ability to sue and be sued, and John Does 1-5 are individuals making the discriminatory and retaliatory decisions on behalf of UF.

11. Plaintiff is a qualified applicant to UF's medical school who scored a 32 on his MCATs, performed significant volunteer, community service, clinical shadowing, and research activities, and had 10 letters of recommendation, which met/exceeded the requirements to be a medical student at UF when compared to other applicants.

12. Plaintiff has already passed all his medical licensing exams, USMLE Step 1, USMLE step 2 Clinical Skills (CS), and USMLE step 2 Clinical Knowledge (CK) on his first attempt, which demonstrates Plaintiff can perform the essential functions of a medical student.

13. Plaintiff furthermore matched in a transitional year internship and a separate anesthesia residency program after interviews and a review of his academic record that includes several grades of excellent and honors; although he never got to start, this demonstrates that not only is he able to perform the essential functions of a medical student but 2 employers also believed he could perform the essential functions of a physician working for them.

14. Plaintiff has the disability Bipolar Disorder or a variant thereof that meets all the criteria for being bipolar except that his manic / hypomanic episodes maybe a result of lithium withdrawal syndrome / the permanent effect of chronic prolonged intermittent hypoxia.

15. When Plaintiff is in the depressive phase of his illness, he is substantially limited in his ability to learn, think, concentrate, and he sleeps excessively.

16. When Plaintiff is in the hypomanic/manic phase of his disability, he sleeps only 2 hours a night; however, he is not tired, full of energy, and unable to concentrate on what people are saying to him and his thoughts are racing, substantially limiting his interactions with others.

17. These hypomanic/manic episodes reoccur overtime, but Plaintiff is willing to accept any treatment/monitoring necessary to be able complete his medical education at UF.

18. Plaintiff also had a disability caused by excessive medications while at TJU that caused a severe tremor, somnolence, and learning and thinking impairments that were substantially limiting in comparison to the general population.

19. TJU failed to accommodate his disability in the past, which resulted in his inability to complete his medical education there, and UF is discriminating against Plaintiff now by not allowing Plaintiff any opportunity based on merit to complete his education at UF; they also failed to accommodate his request to be interviewed for a position as a first year student, nor are they allowing any reasonable accommodations or engaging in any interactive process.





U.S. POSTAGE PAID
PM 2-Day
HIALEAH, FL
33016
FEB 11, 20
AMOUNT
**$7.75**
R2305K140387-03

1004    32601

PRESS FIRMLY TO SEAL    CHECKED FEB 14 2020    PRESS FIRMLY TO SEAL



# UNITED STATES POSTAL SERVICE®

# PRIORITY® MAIL

- Date of delivery specified*
- USPS TRACKING™ included to many major international destinations.
- Limited international insurance.
- Pick up available.*
- Order supplies online.*
- When used internationally, a customs declaration label may be required.

* Domestic only



PS00001000014

EP14F Oct 2018
OD: 12 1/2 x 9 1/2



EXPECTED DELIVERY DAY: 02/13/20
USPS TRACKING® NUMBER
9505 5152 5614 0042 2181 37

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

# PRIORITY *MAIL*



**UNITED STATES POSTAL SERVICE®**

VISIT US AT USPS.COM*
ORDER FREE SUPPLIES ONLINE

FROM: Jeffry P. Ditto, Ph.D.
3352 w 98th pl
Hialeah, FL 33018

TO:
Clerk, U.S. District Court
401 S.E. First Avenue
Room 243
Gainesville, Florida 32601-6895

Label 228, March 2016    FOR DOMESTIC AND INTERNATIONAL USE

* Domestic only.  * For Domestic shipments, the maximum weight is 70 lbs. For International shipments, the maximum weight is 4 lbs.